IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| VIR2US, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOPHOS, INC. *and* INVINCEA, INC., <br><br> Defendants. | Case No. 2:19-cv-18 |

**OPINION & ORDER**

Plaintiff Vir2us, Inc. sued two companies licensed to use its technology in their products, alleging the companies—Defendants Sophos, Inc. and Invincea, Inc.—failed to uphold their obligations under the license. ECF No. 6 (SEALED). Invincea counterclaimed for breach of contract. ECF No. 78 at 17–28 (SEALED). The Honorable Henry Coke Morgan, Jr., to whom this case was previously assigned, granted summary judgment for Vir2us on all the claims. ECF No. 335. The United States Court of Appeals for the Fourth Circuit vacated Judge Morgan's decision and remanded for further proceedings. ECF No. 469 (judgment); ECF No. 471 (mandate); *Vir2us, Inc. v. Sophos, Inc., et al.*, No. 21-1402, 2023 WL 2136379 (4th Cir. Feb. 21, 2023). This Court granted summary judgment in favor of the defendants as to the Sophos products but denied summary judgment as to the Invincea products and as to Invincea's counterclaim. ECF No. 574. Then Vir2us filed a second motion seeking summary judgment on the counterclaim. ECF No. 584.

While the second motion for summary judgment was pending, the parties reached a partial resolution. The defendants now ask the Court to dismiss Vir2us's claims as to the Invincea products with prejudice, enter a final judgment pursuant to Fed. R. Civ. P. 54(b) on Vir2us's claims as to the Sophos products, and stay proceedings on Invincea's counterclaim during the pendency of Vir2us's expected appeal from the Rule 54(b) judgment. ECF No. 702. Vir2us does not oppose the motion. ECF No. 704.

The Court will (1) dismiss Counts I and II of the Complaint as to the Invincea products, (2) certify its summary judgment decision as to the Sophos products as a final judgment, (3) deny Vir2us's second motion for summary judgment, and (4) stay proceedings on Invincea's counterclaim.

I.     VIR2US'S CLAIMS

    A.     **Counts I and II as to the Invincea Products**

The parties agree that Invincea paid the damages alleged against it in Counts I and II and that both counts should be dismissed with prejudice as to the Invincea products. ECF No. 703 at 5; ECF No. 704 at 2 ("Vir2us has no remaining damages for sales of Invincea products").[1] Counts I and II are **DISMISSED WITH PREJUDICE** as to the Invincea products only.

---

[1] Vir2us filed a response to "disagree with [Invincea's] characterization" of the reason it paid the alleged damages and arguing that the payment amounted to an admission of liability. ECF No. 704 at 1. The parties' subjective motivations do not make a difference here, and the Court makes no finding as to why Invincea paid.

### B. Counts I and II as to the Sophos Products

This case presents five claims for relief of which four are resolved. *See supra*, Part I.A. (dismissing Counts I and II as to Invincea); ECF No. 574 ("the Sophos decision," granting summary judgment on Counts I and II as to the Sophos products). The one remaining claim—Invincea's counterclaim against Vir2us—does not involve any Sophos products. ECF No. 78 at 17–28. The parties seek to litigate the appeal on the Sophos decision before they take up Invincea's counterclaim.

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

> In determining whether there is no just reason for delay in the entry of judgment, factors the district court should consider, if applicable, include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (citation omitted).

The relationship between the four adjudicated claims and the one unadjudicated claim counsels in favor of permitting Vir2us to appeal the Sophos

decision before Invincea's counterclaim moves forward. Vir2us has asserted that the defendants' failure to pay royalties on sales of the Sophos products was the first material breach of the licensing agreement. ECF No. 498 at 27–28 (SEALED).[2] The viability of that defense depends in part on the outcome of the expected appeal of the Sophos decision. So if trial were to proceed on the counterclaim first, and the Fourth Circuit were to later reverse the grant of summary judgment to Sophos, there may have to be a new trial on the counterclaim. Proceeding under Rule 54(b) would avoid that.

For the same reason, there is no risk that further proceedings on the counterclaim would moot any issue on appeal of the Sophos decision. Because the defendants' alleged breach occurred before Vir2us's alleged breach, reversal of the Sophos decision could improve Vir2us's position on its affirmative defense to the counterclaim, but no outcome on the counterclaim could alter the analysis on Vir2us's claims.

Vir2us's appeal on the Sophos decision will require the Fourth Circuit to review a district court's interpretation of the contract term "container products and services" a second time. And considering the history of this litigation, the Court cannot confidently say the parties will never attempt to raise it again. *See infra*, Part II.A.

---

[2] Vir2us did not plead this affirmative defense in its Answer to Invincea's counterclaim, and the Court's reasoning here should not be taken as a decision on whether the defense was properly raised. ECF No. 160 at 8–10 (SEALED). The factors weigh more heavily in favor of certifying a Rule 54(b) order if the affirmative defense were to be in play later, but the outcome would be the same even if Vir2us were not ultimately permitted to advance this argument.

(denying Vir2us's successive motion for summary judgment). But the counterclaim deals with a different provision of the contract—one that concerns an entirely separate obligation, by a separate party, and does not include the disputed term. Therefore, the third factor favors certifying the Sophos decision as a final judgment.

The judgment the parties seek to make final did not include a monetary award. Therefore, Invincea's counterclaim could not result in an offset, and the fourth factor also favors proceeding under Fed. R. Civ. P. 54(b).

Finally, the "miscellaneous factors" here favor permitting Vir2us to appeal the Sophos decision now. *MCI Constructors*, 610 F.3d at 855. Chiefly, it is more efficient for the parties and this Court if the Fourth Circuit renders a decision on the 'container products' issue before Invincea's counterclaim proceeds to trial, especially because the issue might bear on an affirmative defense to the counterclaim.

Considering all the factors together, the Court finds there is "no just reason" to delay Vir2us's appeal of the Court's summary judgment decision on Counts I and II as to the Sophos products. Accordingly, the Court **CERTIFIES** its decision granting summary judgment on the Sophos claims (ECF No. 574) as a **FINAL JUDGMENT** pursuant to Fed. R. Civ. P. 54(b).

## II.    INVINCEA'S COUNTERCLAIM

### A.    Vir2us's Motion for Summary Judgment

Vir2us's successive motion for summary judgment is inappropriate because Vir2us did not seek—and was not granted—leave to file it. Plus, if Vir2us had requested leave, the Court would have denied the request.

5

The Local Rules of this District prohibit "separate motions for summary judgment" by a single party without leave of the Court. E.D. Va. Civ. R. 56(C). The Federal Rules of Civil Procedure do not dictate a standard for granting leave to file a successive motion for summary judgment where doing so would not require modifying the scheduling order. *But see* Fed. R. Civ. P. 16(b)(4) (requiring good cause and the judge's consent to modify the scheduling order). There is broad agreement that such a decision is a matter for the district court's discretion. *See, e.g., Martinez v. High*, 91 F.4th 1022, 1027 (9th Cir. 2024); *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010); *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006).

District courts within the Fourth Circuit consider a number of factors to decide whether to grant leave in such circumstances. Those factors include: (1) whether the proposed motion would reprise arguments the court has already addressed, (2) the diligence of the moving party, (3) whether the factual record has been expanded, (4) whether a dispute of material facts has been resolved, and (5) judicial economy. *See, e.g.*, *Remy Holdings Int'l, LLC v. Fisher Auto Parts, Inc.*, 2022 WL 198851, at *1 (W.D. Va. Jan. 21, 2022); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-cv-21, 2017 WL 11463824, at *2 (E.D. Va. May 1, 2017); *Toney ex rel. Toney v. Ability Ins. Co.*, 3:10-cv-2311, 2011 WL 4403295, at *1 (S.D.S.C. Sept. 21, 2011).

Vir2us claims the Court "invited" it to file this second motion, by including a deadline for summary judgment motions in the Scheduling Order that issued after resolution of the first motion. ECF No. 592 at 6 n. 1; ECF No. 650 at 6. The existence

6

of a deadline for filing a motion does not amount to "leave of court" to file such a motion. E.D. Va. Civ. R. 56(C). Rather, filing a second summary judgment motion requires both timeliness *and* leave of the Court. *cf. Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (standard for granting leave to amend pleadings changes "after the deadlines provided by a scheduling order have passed"). Because Vir2us did not seek leave to file the instant motion, the motion is procedurally improper.

Additionally, if Vir2us had sought leave, the Court would have said no. First, the bulk of the second motion merely revisits arguments the Court has already addressed. Vir2us executed a license agreement with Invincea that allowed Invincea to use Vir2us's technology in exchange for data and royalties. Specifically, Invincea agreed to pay royalties for the "Container Products and Services" it sold. Invincea paid royalties on a product called Spearphish, which the contract expressly identified as royalty-bearing container product; but it did not pay per-sale royalties on two other products: Detect and Prevent. Vir2us's Complaint alleged that such failure violated the license agreement. Invincea's counterclaim asserts that Vir2us breached the same contract.

Vir2us first moved for summary judgment in 2019. ECF No. 172. It argued that Detect and Prevent are container products because they are identical to Spearphish, since the three products contain the same source code. ECF No. 178 at 10 (SEALED). Judge Morgan agreed. ECF No. 335 at 13. In vacating Judge Morgan's decision, the Fourth Circuit explained that the contract "makes no mention of a

7

product's source code," nor does it indicate that a product not listed in the parties' license agreement "amounts to an accused container product if it shares any source code with the named accused container products." ECF No. 468 at 9–10.

On remand, Vir2us again asserted that Invincea "owe[s] royalties on all sales of" Detect and Prevent because those products "consist of the same source code" as Spearphish. ECF No. 498 at 25 n.12. This time, Vir2us argued that because of the identical source code, Detect and Prevent were undisputedly "obtained or deduced from" Spearphish. *Id.* at 25. In that second attempt (its new argument on the original motion for summary judgment), Vir2us also asked for judgment on Invincea's counterclaim, on the theory that Invincea committed the first material breach of the parties' contract by failing to pay per-sale royalties for Detect and Prevent. *Id.* at 26–31.

This Court concluded that a container product is one which employs containerization technology—not necessarily one which contains source code that could be activated to engage such technology. ECF No. 574 at 13–14. Then the Court denied Vir2us's motion for summary judgment as to its original claim and Invincea's counterclaim, because "[t]here [was] evidence in the record supporting the conclusion that [Detect and Prevent] did not employ containerization technology," even though the products contained the relevant source code. *Id.* at 14.

Vir2us has again moved for summary judgment on Invincea's counterclaim, again on the first material breach theory. Exactly as before, Vir2us contends that

8

Detect and Prevent are container products because they "are comprised of identical source code" as Spearphish contains. ECF No. 592 at 21.

Vir2us contends that its new motion "accounts for the Court's interpretation of the [l]icense [a]greement." ECF No. 650 at 6. But the Court's opinion on the first motion for summary judgment did not merely decide how the contract defined container products; it decided that there was a genuine dispute as to whether Detect and Prevent satisfied that definition. *Id.* at 13–14. And that has not changed. The evidence that defeated the original motion for summary judgment is still in the record and still precludes judgment on the issue of Invincea's alleged breach *vis-à-vis* Detect and Prevent.

Second, the instant motion is not based on an expanded record that resolves a factual dispute. Vir2us does present new evidence in its second motion: the declaration of David Martens, who reviewed the Detect and Prevent source code. ECF No. 593. But, like the motion itself, the Martens declaration merely contends that Invincea's evidence about whether Detect and Prevent employ containerization technology is insufficient; it does not eliminate that evidence from the record or render the factual dispute non-genuine.[3] Therefore, the Martens declaration does not

---

[3] Mr. Martens merely points out that additional evidence might help Vir2us counter Invincea's claims that the containerization functionality is turned off in those products. The declaration acknowledges that Invincea "produced technical documents that describe how the license files are used to enable and disable functionality in the different . . . [Invincea products]" and that Invincea claims it does "not have the license files [themselves] because these files are generated on and stored only on customers' computers." ECF No. 593 ¶ 9. But Mr. Martens suggests that Invincea should have also produced "[source code] from the license server," which might have helped him test Invincea's claims. *Id.* ¶ 11. Vir2us's expert witness's preferences

9

expand the factual record in a way that makes a successive summary judgment motion proper.

Third, Vir2us was not sufficiently diligent. The instant motion advances only one new argument—that, regardless of whether Invincea breached the licensing agreement with respect to Detect and Prevent, it committed the first material breach when it "failed to pay certain annual minimum royalty payments" pursuant to § 3.3.2 of the license agreement. ECF No. 592 ¶ 44; *see id.* ¶ 13 (identifying § 3.3.2 as the basis for such payments). That argument is based on the language of the contract and the ledger of payments Vir2us received—both of which Vir2us had at the time it filed suit. Thus, failure to raise this argument in the first motion for summary judgment demonstrates a lack of diligence.

In sum, Vir2us did not obtain leave of the Court to file the instant motion, and it fails to demonstrate any reason the Court should consider the merits. Therefore the second motion for summary judgment will be **DENIED.**

**B.     Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to exercise this authority, courts within this District consider: "(1) the interests of judicial economy; (2) hardship and equity to the moving

---

about what types of evidence Invincea should produce does not erase from the record the evidence the Court previously found sufficient to deny summary judgment.

party if the action is not stayed; [and] (3) potential prejudice to the non-moving party." *Hetrick v. link Corp.*, No. 1:23-cv-961, 2024 WL 1417952, at *3 (E.D. Va. Apr. 2, 2024) (collecting cases). All three factors favor staying this case until the Fourth Circuit renders a decision on Vir2us's expected appeal, because reversal could necessitate a second trial on Invincea's counterclaim. *See supra*, Part I.B. Because a stay would preserve resources and reduce hardship to everyone involved, the Court will **STAY** all proceedings until it receives the Fourth Circuit's decision.

### IV. CONCLUSION

Counts I and II of the Complaint are **DISMISSED WITH PREJUDICE** as to Defendant Invincea, Inc.

The Court **CERTIFIES** its decision granting summary judgment to Sophos (ECF No. 574) as a **FINAL JUDGMENT** pursuant to Fed. R. Civ. P. 54(b).

Vir2us's Motion for Summary Judgment on Invincea's Counterclaim (ECF No. 584) is **DENIED.**

The pending motions in limine (ECF Nos. 674, 679) are **DISMISSED WITHOUT PREJUDICE.** If the case proceeds to trial, the parties will be free to refile the motions consistent with a modified scheduling order.

This case is **STAYED** until the Court receives the Fourth Circuit's decision on Vir2us's expected appeal of the decision granting summary judgment as to the Sophos products.

The Final Pretrial Conference scheduled for January 27, 2025, and the jury trial scheduled to begin February 10, 2025, are **CANCELED.**

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ *JKW*
Jamar K. Walker
United States District Judge

Norfolk, Virginia
January 22, 2025